J-A21027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAVONG CHHOEUM | : | |
| | : | |
| Appellant | : | No. 2888 EDA 2017 |

Appeal from the PCRA Order August 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0637121-1992

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 21, 2018**

Appellant, Savong Chhoeum, appeals *pro se* from the order entered on August 21, 2017, dismissing his third petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

The PCRA court aptly summarized the facts and procedural history in this case as follows:

> [Appellant] was arrested and subsequently charged in connection with the shooting death of Luis Perez on July 27, 1991 in the city and county of Philadelphia. On September 20, 1993, following a bench trial[, Appellant] was convicted of first-degree murder, aggravated assault, possession of an instrument of crime (PIC), and criminal conspiracy. On that same date, the trial court sentenced [Appellant] to a mandatory term of life imprisonment without parole for the first-degree murder bill and deferred sentencing on the remaining bills. On June 13, 1994, [Appellant] was sentenced to [concurrent terms] of five to ten years [in prison] for the aggravated assault bill, two and one-half to five years [in prison] on the PIC bill[, and] five to ten years[` incarceration] on the criminal conspiracy bill. [Appellant did not] file a direct appeal.

On December 3, 1996, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed [a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)] on February 23, 1998. The PCRA court formally dismissed the petition on April 20, 1998 [and this Court affirmed the dismissal of Appellant's petition on July 9, 1999. **Commonwealth v. Chhoeum**, 742 A.2d A.2d 1141 (Pa. Super. 1999) (table).]

[Appellant filed a second PCRA petition in June 2000, which the PCRA court dismissed as untimely on July 26, 2000. This Court affirmed the dismissal order on September 11, 2001. **See Commonwealth v. Chhoeum**, 788 A.2d 1026 (Pa. Super. 2001) (table). Additionally, Appellant, on October 10, 2001, filed an unsuccessful petition for *habeas corpus* relief in federal court.]

On June 29, 2012, [Appellant] filed the instant *pro se* PCRA petition, his [third]. [Appellant] also submitted numerous supplemental filings which were reviewed jointly with his 2012 petition. Pursuant to Pennsylvania Rule of Civil Procedure 907, [Appellant received] notice of the PCRA court's intention to dismiss his petition on June 15, 2017. [Appellant] submitted a response to the Rule 907 notice on June 29, 2017. On August 21, 2017, the PCRA court dismissed his PCRA petition as untimely. On August 26, 2017, the instant notice of appeal was timely filed[. The PCRA court issued its opinion on October 24, 2017.]

PCRA Court Opinion, 10/24/17, at 1-2 (footnotes omitted).

Appellant's brief to this Court omits a statement of questions involved, in derogation of our appellate rules. **See** Pa.R.A.P. 2111(a)(4) (brief of appellant shall include, among other things, statement of questions involved); **see also** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). In our discretion, however, we shall overlook Appellant's omission as it does not hamper our consideration of his claims. **See** Pa.R.A.P. 2101 (appeals subject

to quashal or dismissal where nonconformity of briefing materials is substantial).

Appellant's opening claim is that the PCRA court erred in dismissing his third PCRA petition as untimely. Specifically, Appellant asserts that he properly invoked the timeliness exception found at 42 Pa.C.S.A. § 9546(b)(1)(iii) based upon the decisions of the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that the Eighth Amendment of the United States Constitution proscribed mandatory life sentences without parole for individuals who commit homicide offenses while under 18 years of age, and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which applied *Miller*'s holding retroactively to sentences that had become final prior to that ruling. Appellant's position is that, while he was 18 years old at the time of Perez' murder, "[h]e was developmentally an adolescent and possessed the age-related characteristics of youth that the [United States] Supreme Court has recognized must be taken into consideration prior to imposing a sentence of life without parole." Appellant's Brief at 2.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

The timeliness of a PCRA petition is a jurisdictional concern which we address as a threshold matter.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Order, 6/5/17, at 3. We agree. Appellant's judgment of sentence became final on July 13, 1994 when the period for filing a direct appeal from his judgment of sentence expired. *See* Pa.R.A.P. 903; *see also* 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until July 13, 1995 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition must be filed "within one year of the date the judgment becomes final"). Since Appellant did not file his current petition until June 29, 2012, the petition is facially untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d

- 4 -

1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new

- 5 -

constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer***, 941 A.2d 646, 649-650 (Pa. 2007), *quoting*

***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002) (internal

corrections omitted). Moreover, since the plain statutory language of section

9545 demands that the PCRA petition "allege" all elements of the statutory

exception, it is clear that – to properly invoke the "newly recognized

constitutional right" exception – the petitioner must plead each of the

above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

In this case, the record establishes that Appellant was born on October

21, 1972 and was thus 18 years of age when he murdered Perez on July 27,

1991. Hence, Appellant is not eligible for relief under the timeliness exception

found at § 9545(b)(1)(iii) since he was not under the age of 18 at the time of

the offense.[1] The PCRA court reasoned as follows:

> [T]he ***Miller*** holding specifically limited itself to juveniles under the age of [18] years at the time of the offense who are sentenced to a mandatory term of life imprisonment without parole. ***Miller***, [567 U.S. at 465 ("We therefore hold that mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on "cruel and unusual punishments.").] Although [Appellant] was sentenced to [a mandatory life sentence without the possibility of parole], he was [18 years of age] at the time of the offense, placing his sentence outside the reach of the Supreme Court's ***Miller***

---

[1] While our conclusion that Appellant is ineligible for relief under § 9545(b)(1)(iii) is dispositive in this case, we note that Appellant appears to have complied with § 9545(b)(2) since the instant petition was filed on June 29, 2012, which is within 60 days of ***Miller***'s June 25, 2012 date of issuance.

decision. Thus, [Appellant] failed to satisfy his burden of proof under 42 Pa.C.S.A. § 9545(b)(1)(iii).

PCRA Court Opinion, 10/24/17, at 4 (bracketed text and emphasis added).

Thus, neither ***Montgomery*** nor ***Miller*** applies to the case at bar. ***See Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting extension of ***Miller*** to petitioner who was 19 years old at time of killing where petitioner alleged he was "technical juvenile" based upon neuroscientific theories); ***Commonwealth v. Montgomery***, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (rejecting virtually identical claim advanced by petitioner who was 22 years old at time of offense and noting that "a contention that a newly-recognized constitutional right should be extended to others does not satisfy the new constitutional rule exception to the PCRA's timeliness requirement").[2]

Appellant's second claim asserts that a sentencing scheme which treats offenders who are 17 years-of-age differently than those who are 18 years-of-age runs afoul of the Equal Protection clause of the United States Constitution. ***See*** Appellant's Brief at 14-17. Because Appellant's petition is untimely and not subject to any exception to the PCRA's time bar, we lack jurisdiction to consider this claim.

---

[2] Another claim seeking a similar extension of the holding in ***Miller*** is currently pending before an *en banc* panel of this Court. ***See Commonwealth v. Lee***, 1891 WDA 2016 (defendant 18 years old at time of murder).

- 7 -

Finally, we conclude that Appellant's passing claim based upon *Martinez v. Ryan*, 566 U.S. 1 (2012) is unavailing. This Court has held that, "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in [§] 9545(b)(1) of the PCRA. *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013), *appeal denied*, *Commonwealth v. Saunders*, 72 A.3d 603 (Pa. 2013), *cert. denied*, *Saunders v. Pennsylvania*, 571 U.S. 1144 (2014). Thus, Appellant's alternate timeliness contention merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18